**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JENNIFER L. NOBLE,          Plaintiff(s),vs.CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,          Defendant(s). | Case No. 2:15-cv-01816-RFB-NJKREPORT AND RECOMMENDATION(Docket Nos. 19, 23) |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for a period of and disability insurance benefits pursuant to Title II of the Social Security Act. Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 19. The Commissioner filed an opposition and Cross-Motion to Affirm. Docket No. 23. No reply was filed. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.    STANDARDS**

    A.    Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the

1  judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript
2  of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social
3  Security, with or without remanding the cause for a rehearing." *Id.*

4  The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence.
5  *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the
6  Commissioner applied the proper legal standard and there is substantial evidence in the record as a
7  whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The
8  Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance;
9  it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
10 *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's
11 findings are supported by substantial evidence, the Court reviews the administrative record as a whole,
12 weighing both the evidence that supports and the evidence that detracts from the Commissioner's
13 conclusion. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

14 Under the substantial evidence test, the Commissioner's findings must be upheld if supported
15 by inferences reasonably drawn from the record. *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190,
16 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court
17 must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).
18 Consequently, the issue before this Court is not whether the Commissioner could reasonably have
19 reached a different conclusion, but whether the final decision is supported by substantial evidence.

20 It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to
21 the basis of the findings when determining if the Commissioner's decision is supported by substantial
22 evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where
23 appropriate, should include a statement of subordinate factual foundations on which the ultimate factual
24 conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez*
25 *v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

26   B.   Disability Evaluation Process

27 The individual seeking disability benefits bears the initial burden of proving disability. *Roberts*
28 *v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement, 20 C.F.R. § 404.1509, then a finding of disabled is made, 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and perform at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R.

§ 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II. BACKGROUND

### A. Procedural History

On May 1, 2012, Plaintiff filed an application for disability insurance benefits alleging that she became disabled on November 1, 2011. *See, e.g.*, Administrative Record ("A.R.") 152-53. Plaintiff's claims were denied initially on August 21, 2012, and upon reconsideration on April 10, 2013. A.R. 87-90, 97-99. On April 27, 2013, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 100-01. On November 12, 2013, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Craig Ellis. *See* A.R. 31-65. On May 16, 2014, the ALJ issued a decision finding that Plaintiff had been under a disability from November 1, 2011 through December 31, 2013, but not thereafter. A.R. 8-30. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on July 20, 2015. A.R. 1-6. On September 22, 2015, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

### B. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, and issued a partially favorable decision on May 16, 2014. A.R. 8-30. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2016, and had not engaged in substantial gainful activity since November 1, 2011. A.R. 15. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, cervical disc disease status post fusion, and lumbar disc disease. A.R. 15-17. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 17.

1    The ALJ found that, from November 1, 2011 through December 31, 2013, Plaintiff had the residual functional capacity for sedentary work as defined by 20 C.F.R. 404.1567(a), except that she could not maintain and sustain a typical eight-hour shift, five days a week or an equivalent schedule. A.R. 17-21. The ALJ found that Plaintiff was disabled during that period of time. *See* A.R. 21-22. The ALJ also found that Plaintiff had medical improvement as of January 1, 2014, that increased her RFC. A.R. 22. The ALJ found that, as of January 1, 2014, Plaintiff had the RFC to perform light work as defined by 20 CFR 404.1567(b) except that she could occasionally lift/carry 20 pounds and frequently lift/carry ten pounds, stand/walk about six of eight hours, sit about six of eight hours, occasionally climb ramps, stairs, balance, stoop, kneel, crouch and crawl, can never climb ladders/scaffolds, could not perform overhead work, and must avoid concentrated exposure to extreme cold, vibrations, and hazards. A.R. 22-25. At step four, the ALJ found that, as of January 1, 2014, Plaintiff was able to perform her past relevant work as a customer service representative instructor, sales person of apparel, sales person of cosmetic toiletries, receptionist, and club manager. A.R. 25-26; *see also* A.R. 21. Based on all of these findings, the ALJ found Plaintiff had not been disabled as of January 1, 2014, and found that her disability ended as of that date. *See* A.R. 25-26.

## III.    ANALYSIS AND FINDINGS

Plaintiff's appeal rests on her contention that the ALJ erred in concluding that Plaintiff could perform past relevant work based on the conflict between the RFC finding that she cannot engage in "overhead work" and the existence of overhead "reaching" in the past relevant work. *See* Docket No. 19 at 5-6. The Commissioner responds that Plaintiff has improperly conflated the RFC's limitation to no overhead work with a limitation to no overhead reaching, which is not incorporated into the RFC. Docket No. 23 at 2. The Commissioner has the better argument.

When a vocational expert provides evidence about job requirements, the ALJ must ask about "any possible conflict" between that evidence and the Dictionary of Occupational Titles. *See Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007) (discussing SSR 00-4p). The failure of an ALJ to so inquire is harmless, however, if no actual conflict exists or the vocational expert provides sufficient evidence to support the conclusion. *Id.* at 1154 n.19. There is no conflict between an RFC limitation to no overhead work with a finding that an applicant can perform work requiring some overhead

6

reaching when the record as a whole indicates that the ALJ intended that the Plaintiff could not perform jobs that regularly required overhead maneuvering. *See, e..g*, *Cruz v. Colvin*, 2013 WL 4082714, *4-5 (C.D. Cal. Aug. 13, 2013) ("'Overhead work' can reasonably be interpreted to mean jobs performed almost constantly overhead"). The decision in *Cruz* is instructive and the Court follows it here.

Plaintiff has not identified any portion of the medical record to support a finding that she was totally prohibited from performing any overhead reaching. Viewed in the context of the evidence as a whole, the ALJ most reasonably intended to preclude Plaintiff from doing jobs that regularly require performing maneuvers above her head, not from ever reaching in an upward direction. Had the ALJ intended a limitation from all overhead reaching, he likely would have simply inserted that limitation into the list of prohibited activities. Moreover, Plaintiff has failed to show that her past relevant work involves "overhead work," and it appears plainly that they do not. *Cf.* A.R. 58-60 (discussing Plaintiff's past work selling credit card machines and providing training regarding credit card processing); A.R. 60-61 (discussing Plaintiff's past work as club manager, including hiring, bookkeeping, ordering, and payroll). Interpreting the ALJ's findings in the manner most consistent with the medical evidence, there is no conflict between the RFC, the vocational expert's testimony, and the Dictionary of Occupational Titles.

Because there was no conflict between the reaching requirements of Plaintiff's past relevant work and the preclusion of overhead work, the ALJ's omission of the inquiry regarding the vocational expert testimony's consistency with the Dictionary of Occupational Titles was harmless.

## IV.   CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 19) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 23) be **GRANTED**.

IT IS SO ORDERED.

DATED: August 2, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).